UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:21-cv-00415-BJD-JBT

DENNIS WATTS,

    Plaintiff,

vs.

BARENTZ NORTH AMERICA, LLC
f/k/a MAROON GROUP, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

### AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DENNIS WATTS ("Mr. Watts" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, BARENTZ NORTH AMERICA, LLC f/k/a MAROON GROUP, LLC ("Defendant" or "BNA") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against BNA for its disparate treatment and unlawful termination of Plaintiff based upon his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

### VENUE AND JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADEA claims

pursuant to 28 U.S.C. § 1331 as they arise under federal law, and has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of St. Johns County, Florida, and worked for Defendant in St. Johns County, Florida.

4. Venue is therefore proper in the Jacksonville Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about October 18, 2018.

6. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed his Charge of Discrimination.

7. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

8. On January 21, 2021, Plaintiff received a "Dismissal and Notice of Rights" from the EEOC in which the EEOC stated that it "will not proceed further with the investigation, and makes no determination about whether further investigation would establish violations of the statute."

9. The aforementioned "Dismissal and Notice of Rights" continued,

"[y]ou may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court."

10. Plaintiff has satisfied all conditions precedent to this matter, and his claims are timely.

## EMPLOYER DEFINITIONS UNDER THE ADEA

11. Mr. Watts worked for BNA and its predecessors-in-interest, D.B. Becker Co. and Maroon Group, LLC, as an Account Manager from January 17, 2011, until his termination on or about June 30, 2018.

12. Defendant was an "employer" as defined by the ADEA and the FCRA.

13. At all times relevant, Defendant employed in excess of thirty (30) or more employees.

## STATEMENT OF FACTS

14. At all times material, Plaintiff was a sixty-three (53) and, eventually, a seventy-one (71) year old man who worked for Defendant.

15. During his employment with BNA, Mr. Watts was subjected to age-related comments by his BNA supervisors.

16. In March of 2012, during a joint sales call with Vice President Dan Canavan III, Mr. Canavan III stated that BNA only wanted "young Account Managers."

17. In or about September of 2012, Dan Canavan, Sr., another of BNA's managers, stated that he wanted "only young people in the sales force."

3

18. Immediately after making this remark, Mr. Canavan, Sr. admitted to Mr. Watts, "I don't think I should've said that to you."

19. Throughout the rest of Mr. Watts's employment with BNA and its predecessors-in-interest, Mr. Watts was subjected to heavy pressure to retire by Mr. Canavan, Sr., so that BNA could achieve its goal of having predominantly "younger employees," particularly in its sales force.

20. Plaintiff complained to Defendant management personnel, Rich Judd, Northern Sales Manager, and Mike Maginnis, Southeastern Sales Manager, several times and as early as 2016, verbally objecting to the age-related, discriminatory comments levied against Plaintiff and the discriminatory nature of Mr. Cavavan, III, forcing me into retirement in exchange for a "younger sales force."

21. Mr. Watts would periodically remind Mr. Canavan, Sr., that he enjoyed his job, was performing quite well, was in good health, and had no plans to retire any time soon.

22. Mr. Canavan, Sr., nevertheless kept heavy pressure on Mr. Watts to retire throughout Mr. Watts's years with BNA.

23. In January of 2016, Maroon Group, LLC purchased D.B. Becker Co.

24. Maroon Group, LLC Chief Executive Officer Mark Reichard and Maroon Group, LLC National Sales Manager Howard Hubert immediately began to pressure Mr. Watts to retire.

25. Dismayed and offended, Mr. Watts again reiterated that he enjoyed his job, was in sound health, was performing well, and did not desire to retire.

26. In February of 2017, Mr. Canavan, Sr. again humiliated and embarrassed Mr. Watts by pressuring him to retire during a joint sales call.

27. Mr. Watts could no longer endure the age-related discriminatory comments and treatment.

28. Mr. Watts therefore informed Mr. Hubert that he would agree to retire at the end of 2017, if BNA offered him part-time employment after he retired from his full-time position.

29. BNA forced Mr. Watts to train his replacement, who was twenty-six (26) years old and had no sales experience and very little knowledge of the industry.

30. The part-time work that BNA eventually offered Mr. Watts consisted of Mr. Watts being scheduled to work a mere one (1) day per month and was therefore the functional equivalent of outright termination.

31. BNA informed Mr. Watts on or about June 30, 2018, that it had decided to terminate his employment.

32. The person who replaced Plaintiff and assumed his job responsibilities and duties following his termination was at least forty (40) years younger than Plaintiff.

33. Plaintiff was fired for no reason other than his advanced age.

5

34. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less-qualified employee.

35. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

36. But for Plaintiff's age, Defendant would not have terminated his employment.

37. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

38. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

## COUNT I- AGE DISCRIMINATION UNDER THE ADEA

39. Plaintiff realleges and readopts the allegations contained in paragraphs 1-37 of the Complaint, as if fully set forth in this Count.

40. Plaintiff was over forty (40) years old when he was terminated.

41. Plaintiff was not terminated for cause.

42. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

43. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

44. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

45. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

46. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

47. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

48. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

49. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

50. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

51. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

52. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

53. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

54. Provide any additional relief that this Court deems just and proper.

### COUNT II – AGE DISCRIMINATION UNDER THE FCRA

55. Plaintiff realleges and adopts the allegations contained in paragraphs 1-37, as if fully set forth in this Count.

56. Plaintiff was over forty (40) years old when he was terminated.

57. Plaintiff was not terminated for cause.

58. Plaintiff was discriminated against based on his age.

59. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

60. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

61. Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

63. The discrimination to which Plaintiff was subjected was based on his age.

64. Plaintiff was fired only because of his age, and would not have been fired but for his age.

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

69. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

70. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical,

through an award of front pay;

71. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

72. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

73. Provide any additional relief that this Court deems just.

### COUNT III- RETALIATION UNDER THE ADEA

74. Plaintiff realleges and readopts the allegations contained in paragraphs 1-37 of the Complaint, as if fully set forth in this Count.

75. The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA.

76. The retaliation to which Plaintiff was subjected was based on his expressed opposition to Defendant's illegal age discrimination, and was willful.

77. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the ADEA.

79. Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT III

WHEREFORE, Plaintiff prays that this Court will:

80. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

81. Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

82. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

83. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

84. Provide any additional relief that this Court deems just and proper.

## COUNT IV- RETALIATION UNDER THE FCRA

85. Plaintiff realleges and readopts the allegations contained in paragraphs 1-37 of the Complaint, as if fully set forth in this Count.

86. The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the FCRA.

87. The retaliation to which Plaintiff was subjected was based on his expressed opposition to Defendant's illegal age discrimination, and was willful.

88. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

89. Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the FCRA.

90. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

91. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

92. Require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

93. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

94. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

95. Provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 25th day of May, 2021.

                        Respectfully submitted,

                        ***/s/Noah E. Storch***
                        Noah E. Storch, Esq.
                        Florida Bar No. 0085476
                        RICHARD CELLER LEGAL, P.A.
                        10368 W. State Road 84, Suite 103
                        Davie, FL 33324
                        Telephone: (866) 344-9243
                        Facsimile: (954) 337-2771
                        E-mail: noah@floridaovertimelawyer.com

                        *Trial Counsel for Plaintiff*